IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH E. EVERAGE, No. 8356,

    Petitioner,

v.

TARRY WILLIAMS, Warden,
Western Illinois Correctional Center,[1]

    Respondent.                      Case No. 12-cv-00027-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Before the Court is petitioner Kenneth E. Everage's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Petitioner is a state prisoner currently incarcerated in Western Illinois Correctional Center. Petitioner was convicted on February 25, 1997 in Madison County, Illinois for home invasion. On June 5, 1998, the petitioner was sentenced to 60 years imprisonment.

    Petitioner brings this 2254 action to challenge the constitutionality of his 1997 conviction for home invasion. Specifically, the petitioner contends that (1) his sentence violates the Supreme Court's decision in *Apprendi v. New Jersey*,

---

[1] The only proper respondent in a habeas action for an incarcerated prisoner is his custodian -- the warden of the prison. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996). Because the warden of WICC is now Tarry Williams, the Clerk shall be directed to substitute Tarry Williams as the named respondent.

530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and (2) the statute under which he was sentenced is unconstitutional.

Petitioner indicates that he has exhausted his state court remedies with respect to the claims raised in his federal habeas petition; furthermore, he appears to have filed his petition in a timely manner.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or timeliness arguments it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, the **Clerk of the Court** is **DIRECTED** to substitute Tarry Williams as the respondent in this action, and terminate Richard Young.

**IT IS SO ORDERED.**

Signed this 4th day of September, 2012.

Digitally signed by David R. Herndon
Date: 2012.09.04 17:28:20 -05'00'

**Chief Judge
United States District Court**