IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH EVERAGE,

    Petitioner,

v.   No. 3:12-cv-00027-DRH

TARRY WILLIAMS, Warden,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter comes before the Court on Magistrate Judge Philip M. Frazier's October 11, 2013 Report and Recommendation ("the Report") (Doc. 18). The Report recommends that the Court deny Kenneth Everage's ("Everage") petition for a writ of habeas corpus and dismiss the case. Everage filed objections (Doc. 23-25). Based on the following, the Court **ADOPTS** the Report in its entirety.

On January 11, 2012, Everage, *pro se*, filed a petition for writ of habeas pursuant to Section 2254 (Doc. 1). In accordance with that section's threshold review procedures, Everage's petition was screened and the Court issued an order dated September 5, 2012 directing the Government to respond. In his petition, Everage brings the following three grounds for relief:

Ground 1: his extended-term sentence violates *Apprendi;*

Ground 2: the statute under which he was sentenced is unconstitutional; and

Ground 3: his postconviction counsel was ineffective for failing to argue that his sentence is void under *Apprendi*.

In its response, the Government asserts that the state appellate court's rejection of Ground 1 — that his sentence is unconstitutional under *Apprendi* — was neither contrary to, nor an unreasonable application of, that case (Doc. 13 at 10). The Government further argues that this Court should deny relief on Ground 3 — that postconviction counsel was ineffective for not raising Ground 1 — because it is not cognizable and procedurally defaulted (Doc. 13 at 14). Finally, the Government asserts that Ground 2 — that the statute under which petitioner was sentences is unconstitutional as applied to him — is procedurally defaulted and meritless. Everage thereafter replied (Doc. 15).

On October 11, 2013, pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Judge Frazier submitted the Report recommending denial of Everage's petition. The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" by October 28, 2013. Everage requested, and received, several extensions of time to file objections. On December 4, 2013, Everage filed a response to the Report (Doc. 23). He thereafter also filed two amended objections to the report (Docs. 24, 25).

In his responses to the Report, Everage raises the following two issues. First, that his case should be remanded for a new trial where the circuit court failed to properly admonish him pursuant to Illinois Supreme Court Rule 401-402 (Doc. 23 at 3). Specifically, that the Circuit Court failed to inform him of the

range of mandatory and extended-term sentences that could be imposed and failed to inform him of the nature of the charges against him (Doc. 23 at 3). Everage provides a partial copy of the transcript of his arraignment in which he waives the reading of the indictments (Doc. 24 at 3). Second, Everage objects to the Report because he claims that had it not been for his attorney's misrepresentation regarding the amount of time he would serve (85% on the other charges), he would not have accepted the plea offer that was on the table (Doc. 25 at 2). In support of this assertion, Everage provides a copy of a letter sent to him by his trial attorney, Mr. John J. Rekowski, dated February 26, 1998 (Doc. 25 at 3-7).

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Here, Everage fails to object to the findings of the Report but instead raises two new issues. If a party fails to object to a magistrate's report and recommendation, or objects to only some parts of the report, "the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). Upon thorough review of the record, the Court does not find any clear error in Magistrate Judge Frazier's recommendation.

Finally, "[t]he district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant." *Rules Governing Section 2254 Cases, Rule 11(A).* A COA may issue only if the applicant has made

a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that reasonable jurists would find the district courts assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller–El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show something more than the absence of frivolity or the existence of mere good faith on his part. *Id. at 338* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Everage's claims are procedurally defaulted or clearly without merit. Reasonable jurists would not debate these findings. Therefore, the Court declines to issue a COA.

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 18). Petitioner Kenneth Everage's petition for a writ of habeas corpus pursuant to Section 2254 (Doc. 1) is **DENIED** and Everage's case is **DISMISSED with prejudice.** The Clerk of the Court is **DIRECTED** to enter judgment accordingly. Further, the Court shall not issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 30th day of September, 2014.

Digitally signed by David R. Herndon
Date: 2014.09.30 06:45:27 -05'00'

**Chief Judge**
**United States District Court**