IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KENNETH EVERAGE,**

    **Petitioner,**

vs.                                    Case No. 3:12-cv-00027-DRH

**TARRY WILLIAMS,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON**, **District Judge:**

    This matter is before the Court on the limited order of remand as to petitioner Kenneth Everage's notice of appeal (Doc. 36). Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal in a civil case be filed in the district court within 30 days of the entry of the judgment or order appealed. The instant case was dismissed with prejudice on September 30, 2014 (Doc. 26) and the notice of appeal was filed on February 17, 2015 (Doc. 31), well over three months late.

    In his notice of appeal, Everage states he never received notice of final judgment because he was transferred to another correctional facility and, as a result, his notice of appeal was untimely. The Appellate Court interprets this as a motion under Rule 4(a)(6) to reopen the time to appeal (in addition to a notice of appeal). The Appellate Court has instructed the Court to determine whether the request to reopen the appeal period was timely filed pursuant to Fed. R. App. P.

4(c) (prison mailbox rule) and otherwise meets the requirements of Fed. R. App. P. 4(a)(6). And, if so, whether in its discretion it chooses to reopen the time to appeal. *See In re Marchiando,* 13.F3d 1111,1114 (7th Cir. 1994).

The Court finds the request to reopen the appeal period was timely filed pursuant to Fed. R. app. P. 4(c) and otherwise meets the requirements of Fed. R. App. P. 4(a)(6).[1] Accordingly, the Court hereby **GRANTS** the petitioner's motion to reopen the time to appeal for a period of 14 days from the date this order is entered.

**IT IS SO ORDERED.**

Signed this 9th day of June, 2015.

Digitally signed by David R. Herndon
Date: 2015.06.09 14:58:03 -05'00'

**United States District Judge**

---

1 Everage states he did not receive timely notice of the entry of judgment because shortly before entry of judgment he was transferred to another facility. Further, the notice of appeal (interpreted as a motion for reopening the time to file an appeal) was filed within the confines of 4(a)(6) and 4(c). Finally, the Court finds that no party would be prejudiced by reopening the time to file an appeal.